## The W. T. Rawleigh Medical Company, Appellant, v. T. B. Mount et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Johnson county; the Hon. AL-BERT E. SOMERS, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed October 9, 1913.

### Statement of the Case.

Action by the W. T. Rawleigh Medical Company, against T. B. Mount and Dick Morgan, as guarantors of a contract entered into by plaintiff with W. E. Vaughn. From a judgment against plaintiff for costs, plaintiff appeals.

Appellant claims that the verdict was not sustained by the proofs, that incompetent evidence was admitted on behalf of appellees and that the court erred in giving certain of appellees' instructions.

COWAN & HUFFMAN and MANSFIELD, COWAN & BOUL-WARE, for appellant.

O. R. MORGAN and SPANN & SPANN, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. GUARANTY, § 37*—*when instruction as to probative force of contract and signature misleading.* In an action against guarantors, an instruction that the contract and the names of the defendants thereon are no evidence of the fact that defendants signed the same, *held* misleading as tending to wholly deprive plaintiff of the use of the contract, guaranty and names attached thereto as a probative force in establishing that the signatures were genuine.

2. WITNESSES, § 42*—*when wife incompetent.* In a suit against guarantors, the wife of a guarantor *held* incompetent to testify to

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

matters in which she contradicted her husband and in relation to which she was not properly acting as his agent.

3.   EVIDENCE, § 450*—*when jury may compare signatures.* When other writings or signatures admitted to be genuine are already in the case, comparisons may be made by the jury, either with or without experts of such signatures, with. the signature or signatures in question, to assist in determining the genuineness of the latter.